# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   2:05-cr-109 |
| v. | ) |
| | ) |
| WADDY J. MOSES, JR., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR RECONSIDERATION filed pro se by Defendant Waddy J. Moses, Jr. (Document No. 162). On March 5, 2008, the Court issued a Memorandum Order which denied Mr. Moses' motion to reduce the sentence which he received for an offense involving crack cocaine. Moses seeks reconsideration of that decision, contending that the recent amendments to the sentencing guidelines provide the Court with authority to depart from the original sentence.

As this Court explained in its March 5, 2008 Memorandum Order, Moses was sentenced to the statutory mandatory minimum term of imprisonment of 60 months. Congress mandated that a person convicted of an offense involving five grams or more of crack must serve a minimum of five years in prison. *See* 21 U.S.C. § 841(b)(1)(b)(iii) (for violations involving 5 grams or more of crack cocaine, "such person shall be sentenced to a term of imprisonment

which may not be less than 5 years").[1]

The 2007 amendments to the sentencing guidelines do not permit the Court to ignore the mandatory minimum sentence imposed by Congress. *See* USSG § 5G1.1(b): "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See also* USSG § 5G1.1(c) (confirming that a sentence imposed under the Guidelines may not be "less than any statutorily required minimum sentence."); USSG § 1B1.10 Application Note 1(A) (reduction in term of imprisonment is not authorized if the amendment does not lower the applicable guideline range because of a statutory mandatory minimum term of imprisonment). In Moses' original sentence, this Court imposed the shortest possible term of imprisonment permitted by Congress under the prevailing statute, which is binding on the Court. The Court has no statutory authority to impose a lower sentence in this case, irrespective of the amendments to the sentencing guidelines. Accordingly, the MOTION FOR RECONSIDERATION filed by Defendant Waddy J. Moses, Jr. (Document No. 162) is **DENIED**.

SO ORDERED this 14th day of March, 2008.

> BY THE COURT:
>
> s/ Terrence F. McVerry
> United States District Court Judge

---

[1] There are two narrow circumstances in which the Court may impose a term of imprisonment below the statutory minimum. However, Moses does not qualify for the "safety valve" in USSG § 5C1.2 and the government has not filed a "substantial assistance" motion pursuant to USSG § 5K1.1 or Fed. R. Crim. P. 35. Accordingly, the Court is required to impose a sentence "which may not be less than 5 years," as set forth in the statute.

cc:     Al Burke, AUSA
Email: almon.burke@usdoj.gov

Charles M. Schwartz, Esquire
Email: CMSCHW@AOL.COM

Waddy J. Moses, Jr.
FCI Morgantown, Box 1000
Morgantown, WV 26507-1000
(By US Mail)